In the Matter of the Probate of the Last Will, etc., of
JOHN HANCOCK, Deceased.

*Supreme court — jurisdiction of, to appoint receivers of estates of deceased persons — an action must be pending in the Supreme Court to confer jurisdiction upon it.*

A surrogate having made an order vacating a decree admitting a will to probate, an appeal was taken therefrom to the General Term. During the pendency of this appeal an order was made at a Special Term of the Supreme Court by which a receiver of the estate of the testator was appointed.
*Held*, that the court had not jurisdiction to make the order.

APPEAL from an order, made at a Special Term, appointing a receiver of the estate of John Hancock, deceased.

On the 10th of November, 1879, Surrogate ANDREW E. SUFFERN made a decree admitting to probate the will of John Hancock dated

January 2, 1874, and rejecting certain codicils, in one of which John W. Hutton was named as an executor. From that decree Hutton appealed to the Supreme Court and then to the Court of Appeals. These courts affirmed the decree of the surrogate, and their decrees were made a decree of the Surrogate's Court by an order of Surrogate SETH B. COLE, of 24th of August, 1881.

On the 28th of December, 1881, the said Surrogate SETH B. COLE, on the application of the said Hutton, set aside the decree of Surrogate ANDREW E. SUFFERN of the 10th of November, 1879, for alleged disqualifying interest in Suffern.

An appeal from this last decree of Surrogate COLE was taken to the General Term of the Supreme Court, and was there pending undetermined when the motion for a receiver was made at a Special Term of the Supreme Court and the order now appealed from granted.

*Amos G. Hull,* for James M. Allen, executor.

*W. H. Taggard,* for John B. Locke, executor, appellant.

*Rufus L. Scott,* for A. S. Walsh, executor, appellant.

*Walter H. Shupe,* for John W. Hutton, receiver, respondent.

CULLEN, J.:

We think the Special Term had not jurisdiction to make the order appealed from. Doubtless, the Supreme Court, as a court of equity, has concurrent jurisdiction with the Surrogate's Court over the administration of estates, save as to probate and the issue of letters testamentary. But that jurisdiction, we think, was not properly invoked in this case. There was no action pending in this court. There was simply a proceeding in the Surrogate's Court. In that proceeding an order was made by the surrogate vacating a decree admitting the will of the deceased to probate. From such order an appeal was taken to the General Term, and was there pending when the order appealed from was made. Such appeal in no sense brought the whole subject-matter of the administration into this court, so that the equitable jurisdiction of the court attached to it.

There was, therefore, no proceeding or action pending in this court, in which the order appointing a receiver would properly be made. This renders it unnecessary to inquire whether the respondent could have invoked the powers of this court by an action brought for the purpose, and whether the facts shown would have justified the appointment of a receiver in such action.

The order appealed from should be reversed without costs.

Present BARNARD, P. J., and CULLEN, J.; DYKMAN, J., not sitting.

Order appointing receiver reversed without costs.